

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 12cr10318 |
| ) | |
| DARREN STOKES, ) | VIOLATIONS: |
| Defendant. ) | |
| ) | 18 U.S.C. §1343 |
| ) | (WIRE FRAUD) |
| ) | 18 U.S.C. §1341 |
| ) | (MAIL FRAUD) |
| ) | |
| ) | 18 U.S.C. §981 and |
| ) | 28 U.S.C. §2461 - |
| ) | (Criminal Forfeiture |
| ) | Allegation) |

### INDICTMENT

The Grand Jury charges that:

1. At all times relevant to this Indictment, defendant **DARREN STOKES ("STOKES")**, was an individual living in Massachusetts.

2. Beginning in or about 2008 and continuing until the present, **STOKES** engaged in a scheme to defraud in which he caused fraudulent invoices to be sent by facsimile to businesses throughout the United States. The invoices purported to be from business or trade associations seeking payment for annual dues or inclusion in a directory. In fact, **STOKES** had no connection to any such business or trade associations and was not authorized to seek or collect such payments for them.

3.      In furtherance of this fraudulent scheme, **STOKES** caused thousands of invoices to be sent by fax to members of national business and trade associations, including but not limited to the American Dental Association ("ADA"), the National Association of Manufacturers ("NAM"), the Automotive Parts Remanufacturers Association ("APRA"), the American Truckers Association ("ATA"), the Associated General Contractors of America ("AGCA"), and the American Hospital Association ("AHA").

4.      Each of the fraudulent invoices **STOKES** caused to be sent purported to be from an existing business or trade association and used either the exact name and/or acronym of the association or a similar sounding name and/or acronym.

5.      Many of the invoices **STOKES** caused to be sent purported to require payment for annual membership dues in amounts ranging from $575.00 to $895.00.  As **STOKES** well knew, he had no authority from any of the business or trade associations identified in the invoices to send such invoices or to obtain payment of such dues.

6.      Some of the invoices which **STOKES** caused to be sent purported to solicit businesses for inclusion in a General Contractors Directory, and sought payment of $75.00 or $150.00. As **STOKES** well knew, he had no affiliation with any General Contractors Directory.

7.      The invoices that **STOKES** caused to be sent directed

that payments be mailed to addresses and post office boxes which **STOKES** controlled and/or at which he received mail.

8. By his fraudulent scheme, **STOKES** induced hundreds of businesses to send checks, payable to business and trade associations, to post office boxes and addresses where **STOKES** received mail.

9. **STOKES** cashed the checks he received, totaling more than $150,000, at a check-cashing service.

## COUNTS 1-8

## WIRE FRAUD (18 U.S.C. §1343)

10. The allegations contained in paragraphs 1-9 of this Indictment are hereby re-alleged and incorporated by reference.

11. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

**DARREN STOKES,**

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises concerning material facts and matters, did cause writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme and artifice, as follows:

| COUNT | DATE (on or about) | TRANSMISSION |
| --- | --- | --- |
| 1 | January 3, 2012 | Telephone call from Stokes in MA to Profax in NY at about 10:00 a.m. |
| 2 | January 3, 2012 | Telephone call from Stokes in MA to Profax in NY at about 10:33 a.m. |
| 3 | January 3, 2012 | Telephone call from Stokes in MA to Profax in NY at about 11:37 a.m. |
| 4 | January 26, 2012 | Telephone call from Stokes in MA to Profax in NY at about 11:19 a.m. |

| | | |
|---|---|---|
| 5 | January 26, 2012 | Telephone call from Stokes in MA to Profax in NY at about 11:53 a.m. |
| 6 | January 26, 2012 | Telephone call from Stokes in MA to Profax in NY at about 2:12 p.m. |
| 7 | February 8, 2012 | Telephone call from Stokes in MA to Profax in NY at about 12:40 p.m. |
| 8 | February 8, 2012 | Telephone call from Stokes in MA to Profax in NY at about 1:12 p.m. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 9-15

## MAIL FRAUD (18 U.S.C. §1341)

12. Paragraphs 1-9 above are realleged and incorporated herein.

13. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant herein,

### DARREN STOKES

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises concerning material facts and matters, for the purpose of executing such scheme and artifice and attempting to do so, did cause to be placed in post offices and authorized depositories for mail matter articles to be sent and delivered by the United States Postal Service and did knowingly cause to be deposited articles to be sent and delivered by private and commercial interstate carriers:

| COUNT | DATE (on or about) | MAILING |
|---|---|---|
| 9 | January 3, 2012 | $575.00 check payable to American Dental Association mailed from a dental office in Mechanicsburg, PA to PO Box 1483, Brockton, MA 02303 |
| 10 | January 4, 2012 | $575.00 check payable to ADA Association mailed from a dental office in |

|    |                   |                                                                                                                                         |
|----|-------------------|-----------------------------------------------------------------------------------------------------------------------------------------|
|    |                   | Penndel, PA to PO Box 1483, Brockton, MA 02303                                                                                          |
| 11 | January 5, 2012   | $575.00 check payable to American Dental Association mailed from a dental office in Boulder, CO to PO Box 1483, Brockton, MA 02303      |
| 12 | February 2, 2012  | $575.00 check payable to NAM Association mailed from a business in Syracuse, NY to 859 Willard Street, Quincy, MA 02169                 |
| 13 | February 23, 2012 | $585.00 check payable to APRA Association mailed from a business in St. Marys, PA to 3 Blaine Street, Brockton, MA 02301                |
| 14 | February 24, 2012 | $585.00 check payable to APRA mailed from a business in Johnstown, PA to 3 Blaine Street, Brockton, MA 02301                            |
| 15 | March 16, 2012    | $685.00 check payable to ATA Association mailed from a business in Massillon, OH to 3 Blaine Street, Brockton, MA 02301                 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATION

(18 U.S.C. §981 and 28 U.S.C. §2461)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

14. Upon conviction of the offenses in violation of 18 U.S.C. §§1341 and 1343 alleged in Counts 1-15, the defendant,

**DARREN STOKES,**

shall forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

15. If any of the property described in paragraph 14 hereof as being forfeitable, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. §2461(c), incorporating 21 U.S.C. §853(p), to seek forfeiture of

all other property of the defendant up to the value of the property described in paragraph 14 above.

All pursuant to 18 U.S.C. §981 and 28 U.S.C. §2461(c).

**A TRUE BILL**

_____
Foreperson of the Grand Jury


_____
Mark J. Balthazard
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS:                September 21, 2012

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

11:25 AM        9/27/12