UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10318-RGS

UNITED STATES OF AMERICA

v.

DARREN STOKES

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS

October 24, 2014

STEARNS, D.J.

In this puzzling motion, defendant Darren Stokes seeks to suppress evidence (the contents of unopened mail) that the government has committed not to offer at trial. At issue are several hundred envelopes addressed to a post office box in Brockton rented by Stokes from the U.S. Postal Service. The envelopes are not addressed to Stokes, but to professional associations (principally the American Dental Association), the identity of which Stokes allegedly appropriated to conduct a false invoicing scheme. The mail was withheld pursuant to injunctive orders issued by Judge Wolf, and consistent with these orders, no mail addressed to Stokes personally has ever been opened.[1] The government further represents that of the several hundred pieces

---

[1] Judge Wolf's orders issued in private civil litigation (to which the U.S. government was not a party) brought by the American Dental Association, one of the professional groups whose identity Stokes had appropriated. To the extent that Stokes argues that the terms of Judge Wolf's orders were not

of mail addressed to the associations, only eight envelopes have been opened, and these only after the Postal Service obtained the consent of the original sender. The relevant points can be made in short order.

While a person has a reasonable expectation of privacy in the contents of personal mail, *United States v. Van Leeuwen*, 397 U.S. 249, 251 (1970), the same is not true with respect to the address to which it is sent or the identity of the sender. *Cf. United States v. Forrester*, 512 F.3d 500, 509-510 (9th Cir. 2008) (addresses of outgoing emails). And while a person may have a reasonable expectation of privacy in his rented postal box, he has no standing to challenge the seizure of letters addressed to someone else altogether, whether or not they are delivered to the box mistakenly or by criminal design.

---

strictly observed by the Postal Service, the argument has no bearing on whether any Fourth Amendment right of Stokes was infringed. The same is true of the argument that Postal Inspectors were acting outside of their statutory jurisdiction or in less than strict compliance with internal postal regulations. *See United States v. Caceres*, 440 U.S. 741, 751-752 (1979); *United States v. Hinton*, 222 F.3d 664, 674-675 (9th Cir. 2000). To the extent that Stokes argues that the government's case should be dismissed for a violation of Judge Wolf's orders (assuming that such a violation did occur), the extreme remedy of dismissal is reserved as a sanction for conduct that is "most egregious" and "so repugnant and excessive as to shock the [judicial] conscience." *United States v. Alexandro*, 675 F.2d 34, 40 (2d Cir. 1982). That is hardly the case here where, at most, there appears to have been a misunderstanding (or perhaps not) of the significance of Judge Wolf's editing of the Preliminary Injunction awarded to the American Dental Association to strike out the *requirement* that the Postal Service seek out the senders of the intercepted mail to obtain their permission "to open *and provide to Plaintiff's counsel*, for inspection and copying, the seized documents." (Emphasis added).

*See United States v. Osunegbu*, 822 F.2d, 472, 478-480, n.10 (5th Cir. 1987). Because Stokes has failed to identify any evidence that the government intends to use at trial that is even arguably subject to suppression, the court sees no reason to hold a hearing.

ORDER

For the foregoing reasons, the motion to suppress is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE